# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY DEWITT HUNTER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SHERIFF DONNY YOUNGBLOOD,<br><br>　　　　Respondent. | Case No.  1:13-cv-01905-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner filed the instant petition for writ of habeas corpus on November 25, 2013.  It appears from the face of the Petition and the attachments thereto that Petitioner's custody does not stem from the judgment of a State court. Rather, petitioner is a pretrial detainee, awaiting trial in Kern County Superior Court on a charge of driving under the influence.

## I.

## DISCUSSION

**A.    Preliminary Screening of Petition**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to conduct a preliminary review of the petition.  Rule 4 provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition

1

for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B. Abstention

Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). Because there is no State court judgment here, the Court deems the Petition to have been brought pursuant to 28 U.S.C. § 2241(c)(3), which empowers a district court to issue a writ of habeas corpus before a judgment is entered in a criminal proceeding. See McNeely v. Blanas, 336 F.3d 822, 824 n. 1 (9th Cir.2003).

In the instant petition, Petitioner complains he is being subjected to excessive bail in violation of the Constitution. He requests that either his bail be reduced or he be granted release on his own recognizance. The Ninth Circuit's decision in Lazarus v. Baca, 389 Fed. Appx. 700 (9th Cir. 2010) is on point, and the Court finds the Ninth Circuit's reasoning in that case persuasive.

In Lazarus, the petitioner was a pretrial detainee who was challenging her detention as a violation of the Excessive Bail Clause of the Eighth Amendment and due process. The district court had dismissed the petition pursuant to the Younger abstention doctrine. Applying a de novo standard of review to the district court's decision to apply Younger, the Ninth Circuit affirmed. It reasoned as follows:

> In Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court established that a federal court generally must abstain from hearing a case that would enjoin or otherwise interfere with ongoing state criminal proceedings. Absent limited exceptions, Younger abstention is required if four elements are met: (1) state proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the state proceedings provide the federal litigant an adequate opportunity to raise the federal claims; and (4) the federal proceedings would interfere with the state proceedings in a way that Younger disapproves. San Jose Silicon Valley Chamber of Commerce Political Action

Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir.2008); AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148–49 (9th Cir.2007).

The district court correctly found that Younger abstention required dismissal of Lazarus's habeas petition. First, the parties agree that the state criminal proceedings are ongoing. Second, the state criminal proceedings implicate important state interests. See Kelly v. Robinson, 479 U.S. 36, 49, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986); Rose v. Mitchell, 443 U.S. 545, 585, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979); Younger, 401 U.S. at 43–44, 91 S.Ct. 746, 27 L.Ed.2d 669. Third, Lazarus "had an 'adequate' or 'full and fair' opportunity to raise [her] federal claims in the state proceedings." Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n, 196 F.3d 1011, 1019 (9th Cir.1999); see Moore v. Sims, 442 U.S. 415, 425, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979); Dubinka v. Judges of the Superior Ct., 23 F.3d 218, 224–25 (9th Cir.1994). "Younger requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." Commc'ns Telesys. Int'l, 196 F.3d at 1020. The parties agree that Lazarus was permitted the opportunity to raise her federal constitutional claims before the California Superior Court, the California Court of Appeal, and the California Supreme Court. There is no suggestion that the state proceedings did not afford Lazarus an adequate opportunity to assert the legal claims presented in her habeas petition. Fourth, Lazarus's habeas petition threatens to interfere with the state criminal proceedings in a manner that Younger disapproves by inserting federal courts into the ordinary course of state criminal proceedings, with the attendant risk that Lazarus, if released on lower bail, may not appear at trial. Cf. O'Shea v. Littleton, 414 U.S. 488, 500–02, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); Suggs v. Brannon, 804 F.2d 274, 279 (4th Cir. 1986); Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. Unit A June 1981); Wallace v. Kern, 520 F.2d 400, 405–06 (2d Cir.1975).

Additionally, Lazarus has neither argued nor shown that an exception to Younger abstention applies. Exceptions to Younger abstention exist where there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); see Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 621 (9th Cir.2003). Without more, we decline to fashion an exception to Younger abstention on the facts of this appeal.

In sum, on our de novo review, we conclude that Younger abstention requires dismissal of Lazarus's habeas petition.

Lazarus, 389 Fed. Appx. at 700-701.

Here, as in Lazarus, the state criminal proceedings are ongoing. Petitioner cannot dispute that the state criminal proceedings pending against him implicate important state interests. Additionally, it appears from the face of the Petition that Petitioner, like Lazarus, has had multiple adequate and full opportunities to raise his excessive bail claim in the state courts. Further, Petitioner's habeas petition, like Lazarus's, threatens to interfere with the state criminal proceedings in a manner that Younger disapproves by inserting federal courts into the ordinary course of state criminal proceedings, with the attendant risk that Petitioner, if released on lower

bail, may not appear at trial. Finally, like Lazarus, Petitioner has neither argued nor shown that an exception to Younger abstention applies. There is no suggestion of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. Moreover, the mere fact that Petitioner must remain in custody because he is unable to satisfy the allegedly excessive bail is not sufficient to qualify for an exception to Younger because that argument would have applied as well to the $10 million bail amount set in Lazarus and would apply in every case in which a petitioner was making an excessive bail claim.

The Court therefore concludes that, as in Lazarus, Younger abstention requires the dismissal of the Petition herein. See, e.g., Robinson v. Sniff, 2009 WL 1037716, at * 1 (C.D.Cal. Apr.17, 2009) (dismissing on Younger grounds pretrial detainee's petition for writ of habeas corpus alleging, inter alia, setting of excessive bail); Sojourner v. Reed, 2009 WL 762517, at *1 (N.D.Ga., Mar.20, 2009) (invoking abstention doctrine where state habeas petitioner making inter alia an excessive bail claim); Merrick v. Ornell, 1997 WL 12128, at *1 (N.D.Cal., Jan.8, 1997) (invoking abstention doctrine where state habeas petitioner claiming that he was being held on excessive bail).

## II.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections

///

within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 11, 2013**

UNITED STATES MAGISTRATE JUDGE